SUSAN B. MEYER (SBN: 204931)
smeyer@grsm.com
HAZEL MAE B. PANGAN (SBN: 272657)
hpangan@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Movants
VITAL PHARMACEUTICALS, INC. (d/b/a BANG ENERGY)
and JACK OWOC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITAL PHARMACEUTICALS, INC. D/B/A BANG ENERGY; and JACK OWOC, an individual<br><br>Movants,<br><br>vs.<br><br>TIKTOK INC.<br><br>Respondent. | CASE NO.<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH OUT-OF-DISTRICT SUBPOENAS**<br><br>[Underlying Action: *UMG Recordings, Inc., et al. v. Vital Pharmaceuticals, Inc., et al.*, No. 21-cv-60914-Dimitrouleas/Snow (S.D. Fla.)]<br><br>Date:<br>Time:<br>Judge:<br>Courtroom: |

PLEASE TAKE NOTICE that at a date and time to be determined by this Court, Vital Pharmaceuticals, Inc. (d/b/a Bang Energy) and its CEO, Jack Owoc, (collectively, "Movants'") hereby move, pursuant to Federal Rule of Civil Procedure 45, for an order compelling TikTok Inc.'s compliance with the subpoenas for documents and deposition issued by the United States District Court for the Southern District of Florida. The subpoenas were duly served upon TikTok Inc. ("TikTok"), who is located within this judicial district at 5800 Bristol Parkway, Suite 100, Culver City, California 90230. The subpoenas arise out of the pending Southern District of

Florida matter of *UMG Recordings, Inc., et al. v. Vital Pharmaceuticals, Inc., et al.*, No. 21-cv-60914-Dimitrouleas/Snow (S.D. Fla.), in which the plaintiffs, UMG Recordings, Inc. and other affiliated music label companies, have sued Movants for copyright infringement arising out of Movants' use of songs on TikTok's eponymous social media platform, which made the songs readily available for use on video posts on the platform through its built-in music library. Movants have engaged in exhaustive meet and confers with TikTok, who despite many accommodations and courtesies granted to it, has failed to produce any documents and refuses to produce a corporate designee to testify on the topics designated in the subpoenas.

Movants therefore respectfully request that this Court enforce and compel TikTok's compliance with the subpoenas, and order a date certain by which TikTok must complete its production and produce witness(es) for deposition.

Movants base their motion on this notice; the concurrently filed memorandum of points and authorities; the supporting declaration of Jill J. Ormond and any exhibits thereto; any subsequently filed briefs; the pleadings and papers filed in this action; and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise. Movants are also lodging a proposed order for the Court's consideration.

Respectfully submitted,

Dated: April 11, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Hazel Mae B. Pangan
_____
Susan B. Meyer
Hazel Mae B. Pangan
Attorneys for Movants
VITAL PHARMACEUTICALS, INC. D/B/A BANG ENERGY and JACK OWOC

-2-
**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. RELEVANT FACTS .............................................................................................1

    A. The Underlying Action ...............................................................................1

    B. The Subpoenas to TikTok ...........................................................................2

        1. The First Subpoena ...........................................................................2

        2. The Second Subpoena ......................................................................5

III. THIS MOTION IS PROPERLY GRANTED ........................................................7

    A. Legal Standard ............................................................................................7

    B. The Subpoenas to TikTok Seek Information Highly Relevant to the Claims and Defenses in the Underlying Action ..............................8

    C. The Subpoenaed Information's Probative Value Outweighs TikTok's Unsubstantiated Burden Claims .............................................10

    D. TikTok's Remaining Objections Based on Confidentiality Should Be Overruled ..................................................................................12

IV. CONCLUSION ....................................................................................................13

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&F Bahamas, LLC v. World Venture Grp., Inc.*,
No. CV 17-8523 VAP (SS), 2018 WL 5961297 (C.D. Cal. Oct. 19, 2018) ......... 8

*Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*,
313 F.R.D. 39 (N.D. Tex. 2015) .................................................................................. 8

*Andra Grp., LP v. JDA Software Grp., Inc.*,
No. 3:15-mc-11-K-BN, 2015 WL 1636602 (N.D. Tex. Apr. 13, 2015) ............. 11

*Anker v. G.D. Searle & Co.*,
126 F.R.D. 515 (M.D.N.C. 1989) ........................................................................... 11

*Apple, Inc. v. Samsung Elecs. Co.*,
No. 12-cv-0630-LHK, 2013 WL 1942163 (N.D. Cal. May 9, 2013) ................. 11

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ................................................................................... 13

*BofI Federal Bank v. Erhart*,
2016 WL 1644726 (S.D. Cal. Apr. 26, 2016) .................................................. 7, 10

*Ceuric v. Tier One, LLC*,
325 F.R.D. 558 (W.D. Pa. 2018) ............................................................................... 8

*Dawes-Ordonez v. Realtor Ass'n of Greater Fort Lauderdale, Inc.*,
No. 09-60335-CIV, 2010 WL 1791754 (S.D. Fla. May 5, 2010) ........................ 9

*Forsythe v. Brown*,
281 F.R.D. 577 (D. Nev. 2012) .............................................................................. 11

*Gonzales v. Google, Inc.*,
234 F.R.D. 674 (N.D. Cal. 2006) ..................................................................... 12, 13

*Great Minds v. Office Depot*,
945 F.3d 1106 (9th Cir. 2019) .................................................................................. 8

*Heller v. City of Dallas*,
303 F.R.D. 466 (N.D. Tex. 2014) ............................................................................. 8

*I.A.E., Inc. v. Shaver*,
74 F.3d 768 (7th Cir.1996) ........................................................................................ 9

*In re Google Litigation*,
U.S. Dist. LEXIS 140656 (N.D. Cal. Dec. 7, 2011) ............................................ 10

*Intel Corp. v. Prot. Cap. LLC*,
No. 13CV1685 GPC (NLS), 2013 WL 12313348 (S.D. Cal. Oct. 2, 2013) . 12, 13

-ii-
**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY
WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES**

*JZ Buckingham Invs. LLC v. United States*,
  78 Fed. Cl. 15 (2007)......................................................................................... 12

*Latimer v. Roaring Toyz, Inc.*,
  601 F.3d 1224 (11th Cir. 2010) ........................................................................... 9

*LGS Architects, Inc. v. Concordia Homes of Nev.*,
  434 F.3d 1150 (9th Cir. 2006) ............................................................................. 8

*Makaeff v. Trump University, LLC*,
  2013 WL 990918 (S.D. Cal. Mar. 12, 2013) ....................................................... 7

*Norton v. Bank of Am., N.A.*,
  2006 U.S. Dist. LEXIS 109507 (S.D. Fla. Apr. 26, 2006) .......................... 10, 11

*Oracle USA, Inc. v. Rimini St., Inc.*,
  879 F.3d 948 (9th Cir. 2018) ............................................................................... 8

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
  464 U.S. 417 (1984)............................................................................................ 8

*Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*,
  230 F.R.D. 688 (M.D. Fla. 2005) ........................................................................ 8

*Visto Corp. v. Smartner Information Sys., Ltd.*,
  2007 U.S. Dist. LEXIS 8481 (N.D. Cal., Jan. 29, 2007).................................... 10

*Wilchombe v. TeeVee Toons, Inc.*,
  555 F.3d 949 (11th Cir. 2009) ............................................................................. 9

*Worldwide Church of God v. Phila. Church of God, Inc.*,
  227 F.3d 1110 (9th Cir. 2000),
  *rev'd on other grounds*, 139 S. Ct. 873 (2019) ..................................................... 8

**Statutes**

17 United States Code
  Section 501 ......................................................................................................... 8

17 United States Code
  Section 504 ......................................................................................................... 9

**Rules**

Federal Rules of Civil Procedure
  Rule 26......................................................................................................... 7, 12

Federal Rules of Civil Procedure
  Rule 34................................................................................................................ 8

Federal Rules of Civil Procedure
  Rule 45..................................................................................................... 3, 7, 12

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Vital Pharmaceuticals, Inc. (d/b/a Bang Energy) ("Bang") is the owner of the successful Bang® line of energy drinks that exploded into the market in 2015, following its early success in health and nutritional stores. Like many other prominent active lifestyle brands, Bang has a presence in places where the most active, energetic, health-conscious group of consumers are: on social media, at in-person events, on wheels targeting those spending time outdoors, and on display at stores where consumers can purchase Bang energy drinks.

This discovery dispute and the underlying action from which the subpoenas to TikTok Inc. ("TikTok") were issued stem from Bang's use of the TikTok social media platform, and in particular, the use of music from TikTok's library on the platform in these posts. As outlined in detail below, TikTok figures centrally in the underlying case, yet TikTok has defied the subpoenas, asserted meritless and boilerplate objections, failed to produce any responsive documents, and refused to produce any witness to testify at a deposition. The information sought via the subpoenas to TikTok is not only relevant, it is critical to underlying case because TikTok provided the songs for use by Bang and Mr. Owoc in the accused video posts on the TikTok platform, which is the cornerstone of the infringement claims. Accordingly, TikTok should be compelled to comply with the subpoenas, and produce documents and appropriate witness(es) for deposition.

## II. RELEVANT FACTS

### A. The Underlying Action

In April 2021, plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Universal Music Corp.; Universal Music – Z Tunes LLC; Universal Musica, Inc.; PolyGram Publishing, Inc.; Songs of Universal, Inc.; and Universal Music - MGB NA LLC (collectively, the "Labels") sued Bang and its CEO, Jack Owoc, in the U.S. District Court for the Southern District of Florida, for alleged copyright infringement

arising out of the use of songs on TikTok posts by Bang and Mr. Owoc through their TikTok accounts, @bangenergy and @bangenergy.ceo. *UMG Recordings, Inc., et al. v. Vital Pharmaceuticals, Inc., et al.*, No. 21-cv-60914-Dimitrouleas/Snow (S.D. Fla.) (the "Underlying Action"). Declaration of Jill J. Ormond ("Ormond Decl."), Exhibit 1, Complaint.

On July 6, 2021, Bang and Mr. Owoc answered the Labels' Complaint, denying infringement, and noting that the TikTok accounts utilized "music provided to Bang Energy by TikTok." Ormond Decl., Exhibit 2, Answer at ¶ 37. Bang and Mr. Owoc also asserted that "they relied on representations made by TikTok concerning the use of music with videos." *Id.* at ¶ 5. In other words, because the TikTok platform made these songs readily available for use in the video posts, it follows that TikTok should have possessed the necessary authorizations to do so, without subjecting its users to copyright infringement claims. Indeed, neither Bang nor Mr. Owoc received any DMCA or other takedown notice or demand from the Labels or TikTok before the Underlying Action was filed. Thus, Bang and Mr. Owoc also asserted an affirmative defense of consent and license, stating that the Labels' "claims are barred by Plaintiffs' license, consent, and acquiescence to the use alleged as infringement." *Id.* at p. 13.

**B.     The Subpoenas to TikTok**

1.     The First Subpoena

On December 9, 2021, Bang and Mr. Owoc served a subpoena for documents upon TikTok. Ormond Decl., Exhibit 3, First Subpoena. The subpoena sought copies of:

- TikTok's "contracts, agreements, licenses, amendments, between TikTok and the . . . 'Labels' . . . that relate to the use of sound recordings owned or controlled by the Labels on TikTok or available in TikTok's music library between 2018 and present[.]"
- Any and all guidelines, directions, and communications received by TikTok from the Labels concerning the use of the Labels sound recordings on TikTok.
- The name(s) of any company TikTok retained or was directed to utilize for the purpose of monitoring the use of the Label's [sic] sound recordings.

-2-
**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES**

- Any and all reports TikTok provided to the Labels regarding the use of the Labels' sound recordings between 2018 and present.

*Id.* at Exhibit A thereto.

On December 23, 2021, David Mattern of the law firm King and Spalding, contacted defense counsel, seeking an extension of time on behalf of TikTok to respond to the subpoena until January 31, 2022, which was granted. Ormond Decl., ¶ 5. On January 31, 2022, defense counsel followed up with Mr. Mattern, who stated that TikTok itself would not be producing documents, apparently delegating its obligation to the Labels as the plaintiffs in the underlying action. Ormond Decl., Exhibit 4, TikTok Response to First Subpoena, Request No. 1. Shortly thereafter, TikTok served boilerplate objections, refusing to produce any documents, as follows:

> TikTok incorporates its General Objections as if fully set forth herein. TikTok further objects to this Request because it seeks confidential proprietary or trade secret information belonging to TikTok. In particular, TikTok's reporting is subject to confidentiality restrictions with the Labels. TikTok further objects to this Request as overbroad, unduly burdensome, and not relevant to a claim or defense nor proportional to the needs of the case because it seeks "all reports" TikTok provided to any Label. . . .TikTok also objects to the Request as vague and ambiguous as to the meaning of "reports." TikTok further objects to this Request to the extent it seeks information about reports provided to [the Labels] . . . because that information can be obtained from a party to the underlying litigation. TikTok also objects to this Request because it fails to comply with Federal Rule of Civil Procedure 45 regarding where it commands compliance. No response is required in light of these objections.

*Id.* at Request Nos. 2-4.

On February 4, 2022, the Labels produced a copy of a highly-redacted license agreement with TikTok, prompting Bang to meet and confer with counsel for the Labels and TikTok regarding the impropriety of the redactions, which rendered the agreement unintelligible. Ormond Decl., ¶ 6. On February 28, 2022, Bang and Mr. Owoc sent a letter to further meet and confer with TikTok regarding its deficient responses, improper objections, and refusal to produce documents in response to the

-3-
**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES**

documents subpoena. Ormond Decl., <u>Exhibit 5</u>, 2/28/22 Confer Letter. On March 2, 2022, Mr. Mattern responded, inviting a further meet and confer conference to see if a compromise could be reached. Ormond Decl., <u>Exhibit 6</u>, 3/2/22 Email. The meet and confer conference was held on March 9, 2022. Ormond Decl., ¶ 6.

During the March 9 meet and confer, TikTok agreed to consider making a supplemental response and production to Request Nos. 1 and 3 of the First Subpoena—namely, the requests seeking licensing and other authorization agreements between TikTok and the Labels, and the identities of any companies used by TikTok to monitor the use of the Labels' sound recordings on the platform. Ormond Decl., ¶ 7, <u>Exhibit 7</u>, 3/18/22 Email. TikTok ultimately agreed to produce responsive documents to Request No. 1, except for any modifications to the agreements that renewed their term. Ormond Decl., ¶ 7. TikTok also ultimately agreed to identify the names of any companies it used to monitor the use of the Labels' music on the TikTok platform. *Id.* As to the remainder of the requests in the First Subpoena, Bang offered to narrow the scope, limiting them to:

- "guidelines, directions and communications received by TikTok from the Labels concerning the categories of permitted users, permitted uses, and restrictions or limitations for the use of the Labels' sound recordings or compositions on TikTok."

- "Any and all reports TikTok provided to the Labels regarding the use of the Labels' sound recordings or compositions as to the works listed in the attached Exhibits 1 and 2 [which listed the songs at issue in the Underlying Action], between 2018 and present."

*Id.*

To date, TikTok has made no further response or production to the First Subpoena, despite its promises that it would "try" to produce documents by April 5, 2022, and Bang's follow up inquiries regarding same. Ormond Decl., ¶ 8.

### 2. The Second Subpoena

On March 9, 2022, Bang and Mr. Owoc served a second subpoena to TikTok, this time for a deposition as to designated topics and for documents. Ormond Decl., Exhibit 8, Second Subpoena. Apparently anticipating that TikTok would continue to drag its feet, the parties proactively met and conferred about the Second Subpoena, which sought the deposition of a TikTok designee or designees as to topics generally concerning TikTok's music use policies from within its music library on the TikTok platform, changes to those policies and their enforcement (including removal of posts for violations), classifications of users and permissible uses of music from the library, communications to users about the use of music on the platform, analytics and metrics associated with the TikTok accounts of Bang and Mr. Owoc, and license and other authorization agreements with the Labels about the use of music on the platform. Ormond Decl., Exhibit 8, Second Subpoena, Exhibit A thereto.

The Second Subpoena also sought documents to be produced at the deposition, including documents generally mirroring the topics of examination, as well as a renewed request for the four categories of documents sought in the First Subpoena, limiting the requested agreements to those between TikTok and the named plaintiffs/music labels in the Underlying Action. Ormond Decl., Exhibit 8, Second Subpoena, Exhibit B thereto.

The parties held multiple meet and confer telephone conferences—on March 22, 24, and 28, 2022—to discuss the Second Subpoena. Ormond Decl., ¶ 10. Preliminarily, TikTok refused to provide deposition dates for its witnesses, insisting that the topics first be narrowed to its satisfaction. *Id.* As to the deposition topics, TikTok refused to produce witnesses to testify completely or at all to the following topics, despite the parties' meet and confer efforts:

> Topic 5: "TikTok's communications to users, including Defendants Vital Pharmaceuticals, Inc. d/b/a Bang Energy, and Jack Owoc ("Defendants") and Defendants' representatives, regarding the use of music in videos created or posted on the TikTok platform, including any copyright

-5-
**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES**

policies, disclaimers, and/or restrictions on such use." Bang offered to limit this topic to TikTok's communications with Defendants.

Topic 6: "TikTok's communications to users regarding the user's suspected unauthorized use of music." Bang offered to limit this topic to the uses of TikTok music library and general communications as to same, not as to any specific users.

Topic 9: "TikTok's knowledge of any confusion expressed by TikTok users related to a user's rights to use music in TikTok's music libraries on posts for the TikTok platform."

Topic 10: "TikTok's knowledge of the number of accounts that have been suspended or terminated on the TikTok platform as a result of actual or alleged copyright violations from 2016 through the present." Bang clarified at the meet and confer that the copyright violations referenced in this topic was limited to those related to the use of music from the TikTok library.

Topic 11: "TikTok's knowledge of the number and nature of posts removed from the TikTok platform as a result of suspected or actual copyright violations from 2016 through the present." Bang clarified at the meet and confer that the copyright violations referenced in this topic was limited to those related to the use of music from the TikTok library.

Topic 12: "TikTok's process for identifying and removing posts that infringe or potentially infringe another's copyrighted work." Bang clarified at the meet and confer that the copyright violations referenced in this topic was limited to those related to the use of music from the TikTok library.

Topic 13: "TikTok's process for monitoring and enforcement of its policies and procedures regarding the use of music of the TikTok platform."

Topic 14: "TikTok's monthly analytics data, including the number of followers, profile and video views, engagements, likes, comments, and shares, for the @bangenergy and @bangenery.ceo accounts from January 2017 to the present."

Topic 17: "Any and all guidelines, directions, and communications received by TikTok from the Labels concerning the use of the Labels sound recordings on TikTok."

Topic 18: Communications with other commercial companies regarding their use of music in their respective posts appearing on TikTok.

Ormond Decl., <u>Exhibit 9</u>, TikTok Responses to Deposition Topics.

As for the documents sought in the Second Subpoena, TikTok agreed to produce responsive policies, terms of service, and community guidelines, along with the licensing agreements with the Labels in effect between 2016 to the filing of the

-6-
**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES**

1  complaint in the Underlying Action, with a targeted production date of April 5, 2022.
2  Ormond Decl., ¶ 11.  That date has come and gone, with no further communication
3  or any production from TikTok.  *Id.*  TikTok has objected to the remainder of the
4  document requests in the Second Subpoena on conclusory, boilerplate, and non-
5  specific grounds such as relevance, proportionality, burden, confidentiality/trade
6  secret, and for many of the requests, TikTok has taken an unduly narrow
7  interpretation under which it claims it will produce responsive documents, if any at
8  all.  Ormond Decl., Exhibit 10, TikTok Response to Second Subpoena document
9  requests.  Again, TikTok has produced no documents.  Ormond Decl., ¶ 11.

## III.   THIS MOTION IS PROPERLY GRANTED

### A.   Legal Standard

Federal Rule of Civil Procedure 45 governs discovery of third parties by subpoena. Under this Rule, a third-party is subject to the same scope of discovery as a party, as defined under Rule 26(b). Fed. R. Civ. Proc. 26(b)(1) instructs that:

> [P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim… and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Rule 26 is to be applied liberally. *BofI Federal Bank v. Erhart*, 2016 WL 1644726, at *3 (S.D. Cal. Apr. 26, 2016). "Once the propounding party establishes that the information sought is relevant, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Id.* at *2. "Where, as here, the responding party provides a boilerplate or generalized objection, the objections are inadequate and tantamount to not making any objection at all." *Id.* at *4 (citing *Makaeff v. Trump University, LLC*, 2013 WL 990918, *6 (S.D. Cal. Mar. 12, 2013)).  "[C]ourts often conclude that a non-party's objections under Rule 45(d)(2)(B) "should be subject to the same requirements facing a party objecting to

discovery under Rule 34," including "the same prohibition on general or boiler-plate objections and requirements that the objections must be made with specificity." *A&F Bahamas, LLC v. World Venture Grp., Inc.*, No. CV 17-8523 VAP (SS), 2018 WL 5961297, at *4 (C.D. Cal. Oct. 19, 2018) (citing *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 44 (N.D. Tex. 2015); *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 698 (M.D. Fla. 2005) (boilerplate objections in response to a subpoena "are presumptively insufficient"); *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018) (objections to subpoena requests as overly broad, burdensome, oppressive or irrelevant that do not show " 'specifically how each [request] is not relevant or how each question is overly broad, burdensome, or oppressive,' [are] inadequate to 'voice a successful objection.'") (quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 483–84 (N.D. Tex. 2014)).

### B. The Subpoenas to TikTok Seek Information Highly Relevant to the Claims and Defenses in the Underlying Action

"[A]nyone who is authorized by the copyright owner to use the copyrighted work in a way specified in the statute . . . is not an infringer of the copyright with respect to such use.'' *Sony Corp. of Am. v. Universal City Studios, Inc*., 464 U.S. 417, 433 (1984) (quoting 17 U.S.C. § 501(a)).  "Thus, '[t]he existence of a license creates an affirmative defense to a claim of copyright infringement.'" *Oracle USA, Inc. v. Rimini St., Inc*., 879 F.3d 948, 954 (9th Cir. 2018) (quoting *Worldwide Church of God v. Phila. Church of God, Inc*., 227 F.3d 1110, 1114 (9th Cir. 2000)), *rev'd on other grounds*, 139 S. Ct. 873 (2019).  A copyright infringement claim fails "if the challenged use of the work falls within the scope of a valid license." *Great Minds v. Office Depot*, 945 F.3d 1106, 1110 (9th Cir. 2019) (citations omitted).  Moreover, "'[w]hen a licensee exceeds the scope of the license granted by the copyright holder, the licensee is liable for infringement.'" *Id*. (quoting *LGS Architects, Inc. v. Concordia Homes of Nev*., 434 F.3d 1150, 1156 (9th Cir. 2006)).

An implied license is also an affirmative defense to copyright infringement. *Dawes-Ordonez v. Realtor Ass'n of Greater Fort Lauderdale, Inc.*, No. 09-60335-CIV, 2010 WL 1791754, at *2–3 (S.D. Fla. May 5, 2010) (holding that a third party to a license agreement with copyright holder was deemed to have implied license flowing from licensee) (citing *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1235 (11th Cir. 2010)). Thus, "an alleged infringer has the burden to establish an implied license." *Dawes-Ordonez*, 2010 WL 1791754 at *2-3 (internal citations omitted). "To determine whether an implied license exists, the Court focuses on objective evidence that reveals the intent of the parties." *Id.* (internal citations omitted). This objective evidence includes deposition testimony and whether the copyrighted material was delivered "without warning that its further use would constitute copyright infringement." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 956 (11th Cir. 2009) (citing *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir.1996).

Moreover, an infringement is considered "innocent" when a defendant proves that: (1) it was not aware that its acts constitute infringement of the copyright; and (2) that it had no reason to believe that its acts constituted an infringement of the copyright. 17 U.S.C. § 504(c)(2).

As outlined above, Bang and Mr. Owoc have asserted the defense of license and acquiescence, and that if there were infringement (which is denied), it was innocent based on their past use, knowledge, and understanding of TikTok's policies and practices on permissible uses of music from its platform's library. These defenses demonstrate the centrality of the information sought in the subpoenas to TikTok. For example, did TikTok inform Bang or other companies any restrictions on the use of music, and if so, how was the information communicated and was it received? Did TikTok's policies changed from the time it was an unknown company by the name of musical.ly (TikTok's predecessor) and now, with its recent explosion as a popular social media platform joining the ranks of Instagram? Publicly-available information shows that TikTok has recently entered into another, more

-9-

1  expansive "alliance" with the Labels governing the use of their music on TikTok.
2  Ormond Decl., Exhibit 12.  One of the Labels' executives stated that "this alliance
3  sets an industrywide example of social media companies acknowledging, respecting
4  and compensating music creators whose songs are instrumental to their platforms.
5  We appreciate TikTok's partnership and look forward to working together to provide
6  support and opportunities to songwriters."  *Id.*  Does this mean that prior to this
7  agreement, TikTok was not "acknowledging, respecting, and compensating music
8  creators" for the use of their music on the TikTok platform?  What was the impetus
9  for this additional new agreement?  All of these questions are valid and key to Bang's
10 defenses that it believed the TikTok posts were authorized precisely because the
11 platform allowed for and supplied the music at issue from its very own library.
12 Given the clear nexus of the subpoenaed information and the claims and defenses in
13 the Underlying Action, TikTok should not be permitted to resist the discovery.

      **C.**    **The Subpoenaed Information's Probative Value Outweighs TikTok's Unsubstantiated Burden Claims**

16       When determining whether the probative value outweighs the burden to
17 produce documents, the court must balance the parties' competing interests.  *In re*
18 *Google Litigation*, U.S. Dist. LEXIS 140656, at *12 (N.D. Cal. Dec. 7, 2011).  When
19 considering burden, "[t]he touchstone of discovery remains relevance, however
20 broadly that term may be construed."  *Visto Corp. v. Smartner Information Sys., Ltd.*,
21 2007 U.S. Dist. LEXIS 8481, at *12 (N.D. Cal., Jan. 29, 2007).   Where the
22 responding party fails to present any evidence as to the physical burden of
23 production, the court may properly dismiss such arguments as mere conjecture.  *Id.*
24 at *5; *BofI Federal Bank,* 2016 WL 1644726 at *5. "A party objecting to discovery
25 on the basis of undue burden or overbreadth must generally support the assertion
26 with affidavits or other evidence." *Norton v. Bank of Am., N.A.*, 2006 U.S. Dist.
27 LEXIS 109507, at *22 (S.D. Fla. Apr. 26, 2006). "The resisting party must
28 demonstrate that the burden is 'unreasonable in light of the benefits to be secured

-10-

**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY
WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES**

from the discovery.'" *Id.* "The mere statement that a discovery request is 'overly broad, burdensome oppressive and irrelevant' is not adequate to voice a successful objection." *Id.* at *23.

Here, TikTok's burden objection is unsubstantiated and based largely on the false premise that TikTok's status as a nonparty is a sufficient basis to deny the discovery. That is not the law. *See, e.g.*, *Anker v. G.D. Searle & Co.*, 126 F.R.D. 515, 519 (M.D.N.C. 1989) ("Being a non-party is only one factor which the Court should consider in balancing the need for, and relevance of, the evidence versus the burdensomeness and hardship to the deponent."). Rather, "[t]hird-party status does not confer a right to obfuscation or obstinacy." *Andra Grp., LP v. JDA Software Grp., Inc.*, No. 3:15-mc-11-K-BN, 2015 WL 1636602, at *6 (N.D. Tex. Apr. 13, 2015) (quoting *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-cv-0630-LHK, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013)); *accord Forsythe v. Brown,* 281 F.R.D. 577, 587 (D. Nev. 2012) (a nonparty cannot delegate the obligation to respond to a subpoena, "especially where the subpoenaed party has control over the documents requested in the subpoena."). TikTok has not offered any information, much less evidence, as to the number of documents at issue, cost of review, or any meaningful specifics supporting its burdensome objection. The Labels are not a more convenient source for the requested documents, contrary to TikTok's objections. Outside of the lawsuit, the Labels have never communicated with Bang or Mr. Owoc regarding the accused TikTok posts. The Labels do not have custody or access to TikTok's historical policies and procedures as they relate to the TikTok music library, TikTok's enforcement, or its communications internally and to users on these subjects. It was TikTok who provisioned access to its platform and made the songs available on its music library. It was TikTok who has knowledge of any shortcomings or violations it may have committed with respect to allowing its users to access and use the at-issue songs in the platform's music library.

-11-
**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES**

While the court "must protect a person who is neither a party nor a party's officer from *significant* expense resulting from compliance" (Fed. R. Civ. Proc.45(d)(2)(B)(ii) (emphasis added)), Bang's subpoenas target a narrow and specific set of documents and information relating to the use of music on TikTok's music library.  There is a lot at stake for the parties in the Underlying Action, in which the Labels seek Bang's profits and statutory damages for dozens of songs used in the TikTok posts, for which the music was directly obtained from the TikTok music library.  TikTok is a sophisticated and tech savvy company with substantial resources.  The importance of the requested information far surpasses the alleged yet unsubstantiated and unarticulated burden of collecting the specific documents at issue.  In the unlikely event there is a "significant" burden on TikTok (Fed. R. Civ. Proc. 45(d)(2)(B)(ii)), this is not a case of a disinterested third-party; rather, TikTok received financial benefit from its agreements with the Labels.  *See, e.g.*, *JZ Buckingham Invs. LLC v. United States*, 78 Fed. Cl. 15, 26 (2007) ("The fact that Jenkens & Gilchrist is a third party and in the process of dissolution makes responding to the subpoena somewhat burdensome. Yet, the Court recognizes that Jenkens & Gilchrist was not a complete stranger to the litigation and was in fact a major player in the transactions at stake.").

### D. TikTok's Remaining Objections Based on Confidentiality Should Be Overruled

"When considering an objection based on trade secret or confidential commercial information, the nonparty must first show that the requested information is protected as such." *Intel Corp. v. Prot. Cap. LLC*, No. 13CV1685 GPC (NLS), 2013 WL 12313348, at *5 (S.D. Cal. Oct. 2, 2013) (citing *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006); Fed. R. Civ. Proc. 45(c)(3)(B)).  The non-party "must specifically support allegations of harm or prejudice: 'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Intel Corp.*, 2013 WL 12313348 at *5 (citing *Beckman Indus.*,

-12-

*Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)) (citations omitted). Then, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without the undue hardship[.]'" *Gonzales*, 234 F.R.D. at 684. In *Intel Corp.*, the court overruled a subpoenaed non-party's confidentiality and trade secret objections because it did "not substantiate this claim with any specific information." *Intel Corp.*, 2013 WL 12313348, at *5. The same result obtains here because TikTok has also baldly asserted this objection without any substantiation, and despite the fact that a stipulated protective order has been entered in the Underlying Action. Ormond Decl., ¶ 12, <u>Exhibit 11</u>, Stipulated Protective Order.

## IV. CONCLUSION

Based on the foregoing, Movants Bang and Mr. Owoc respectfully request that the Court grant their motion and compel TikTok's compliance with the subpoenas, overrule TikTok's objections, and order a date certain by which TikTok's document production and deposition of any corporate designees must be completed.

Dated: April 11, 2022

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ Hazel Mae B. Pangan
_____
Susan B. Meyer
Hazel Mae B. Pangan
Attorneys for Movants
VITAL PHARMACEUTICALS,
INC. D/B/A BANG ENERGY
and JACK OWOC

-13-
**NOTICE OF MOTION AND MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES**