SUSAN B. MEYER (SBN: 204931)
smeyer@grsm.com
HAZEL MAE B. PANGAN (SBN: 272657)
hpangan@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Movants
VITAL PHARMACEUTICALS, INC. (d/b/a BANG ENERGY)
and JACK OWOC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITAL PHARMACEUTICALS, INC. D/B/A BANG ENERGY; and JACK OWOC, an individual,<br><br>Movants,<br><br>vs.<br><br>TIKTOK INC.<br><br>Respondent. | CASE NO.<br><br>**DECLARATION OF JILL J. ORMOND IN SUPPORT OF MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH OUT-OF-DISTRICT SUBPOENAS**<br><br>[Underlying Action: *UMG Recordings, Inc., et al. v. Vital Pharmaceuticals, Inc., et al.*, No. 21-cv-60914-Dimitrouleas/Snow (S.D. Fla.)]<br><br>Date:<br>Time:<br>Judge:<br>Courtroom: |

## DECLARATION OF JILL J. ORMOND

I, Jill J. Ormond, hereby declare and state as follows:

1. I am an attorney at law licensed to practice before all courts in the States of Arizona and New Mexico. I am a Partner at the law firm of Gordon Rees Scully Mansukhani, LLP, counsel of record for Vital Pharmaceuticals, Inc. (d/b/a Bang Energy) ("Bang") and its CEO, Jack Owoc (collectively, "Movants"), who are the defendants in the pending United States District Court, Southern District of Florida

-1-

1. matter of *UMG Recordings, Inc., et al. v. Vital Pharmaceuticals, Inc., et al.*, No. 21-cv-60914-Dimitrouleas/Snow (S.D. Fla.) (the "Underlying Action"). I am admitted *pro hac vice* in the Underlying Action.

2. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Complaint in the Underlying Action filed in April 2021 by plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Universal Music Corp.; Universal Music – Z Tunes LLC; Universal Musica, Inc.; PolyGram Publishing, Inc.; Songs of Universal, Inc.; and Universal Music - MGB NA LLC (collectively, the "Labels") against Bang and Mr. Owoc.

3. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of the Answer filed on July 6, 2021 by Bang and Mr. Owoc to plaintiffs' Complaint.

4. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of the subpoena for documents served on non-party Respondent TikTok Inc. on December 9, 2021 (hereinafter, the "First Subpoena").

5. On December 23, 2021, David Mattern of the law firm King and Spalding contacted me, seeking an extension of time on behalf of TikTok to respond to the subpoena until January 31, 2022, which was granted. On January 31, 2022, I followed up with Mr. Mattern, who stated that TikTok itself would not be producing documents, apparently delegating its obligation to the Labels as the plaintiffs in the underlying action. Shortly thereafter, TikTok served objections to the documents requests in the First Subpoena and refused and/or otherwise failed to produce any documents. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of TikTok's responses to the First Subpoena.

6. On February 4, 2022, the Labels in the Underlying Action produced a copy of a highly-redacted license agreement with TikTok, prompting Bang to meet and confer with counsel for the Labels and TikTok regarding the impropriety of the redactions, which rendered the agreement unintelligible. On February 28, 2022, Bang and Mr. Owoc sent a letter to further meet and confer with TikTok regarding

1  its deficient responses, improper objections, and refusal to produce documents in
2  response to the documents subpoena. Attached hereto as <u>Exhibit 5</u> is a true and
3  correct copy of the February 28 meet and confer letter. On March 2, 2022, Mr.
4  Mattern responded, inviting a further meet and confer conference to see if a
5  compromise could be reached. Attached hereto as <u>Exhibit 6</u> is a true and correct
6  copy of Mr. Mattern's response. The meet and confer conference was held by
7  telephone on March 9, 2022.

    7. During the March 9 meet and confer, TikTok agreed to consider making a supplemental response and production to Request Nos. 1 and 3 of the first subpoena—namely, the requests seeking licensing and other authorization agreements between TikTok and the Labels, and the identities of any companies used by TikTok to monitor the use of the Labels' sound recordings on the platform. Attached hereto as <u>Exhibit 7</u> is an email exchange between counsel regarding the proposed compromise as to the document requests in the First Subpoena. TikTok ultimately agreed to produce responsive documents to Request No. 1, except for any modifications to the license agreements that renewed their term. TikTok also ultimately agreed to identify the names of any companies it used to monitor the use of the Labels' music on the TikTok platform. As to the remainder of the requests—Nos. 2 and 4—in the First Subpoena, Bang offered to narrow the scope, limiting them to:

- "guidelines, directions and communications received by TikTok from the Labels concerning the categories of permitted users, permitted uses, and restrictions or limitations for the use of the Labels' sound recordings or compositions on TikTok."
- "Any and all reports TikTok provided to the Labels regarding the use of the Labels' sound recordings or compositions as to the works listed in the attached Exhibits 1 and 2 [which listed the songs at issue in the Underlying Action], between 2018 and present."

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

-3-
**ORMOND DECL. IN SUPPORT OF MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS**

8. To date, TikTok has made no further response or production to the First Subpoena, despite its promises that it would "try" to produce documents by April 5, 2022, and Bang's follow up inquiries to TikTok regarding same.

9. On March 9, 2022, Bang and Mr. Owoc served a second subpoena to TikTok, this time for a deposition as to designated topics and for documents (hereinafter, the "Second Subpoena"). Attached hereto as Exhibit 8 is a true and correct copy of the Second Subpoena. Movants and TikTok proactively met and conferred about the Second Subpoena, which sought the deposition of a TikTok designee or designees as to topics generally concerning TikTok's music use policies from within its music library on the TikTok platform, changes to those policies and their enforcement (including removal of posts for violations), classifications of users and permissible uses of music from the library, communications to users about the use of music on the platform, analytics and metrics associated with the TikTok accounts of Bang and Mr. Owoc, and license and other authorization agreements with the Labels about the use of music on the platform. The Second Subpoena also sought documents to be produced at the deposition, including documents generally mirroring the topics of examination, as well as a renewed request for the four categories of documents sought in the first subpoena, limiting the requested agreements to those between TikTok and the named plaintiffs/music labels in the Underlying Action.

10. On March 22, 24, and 28, 2022, Movants and TikTok held multiple meet and confer telephone conferences to discuss the second subpoena. TikTok has refused to provide deposition dates for its witnesses, insisting that the topics first be narrowed to its satisfaction. As shown in its responses to the Second Subpoena deposition topics, a true and correct copy of which is attached hereto as Exhibit 9, TikTok has refused to produce witnesses to testify completely or at all to the following topics, despite the parties' meet and confer efforts:

Topic 5: "TikTok's communications to users, including Defendants

-4-

**ORMOND DECL. IN SUPPORT OF MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS**

Vital Pharmaceuticals, Inc. d/b/a Bang Energy, and Jack Owoc ("Defendants") and Defendants' representatives, regarding the use of music in videos created or posted on the TikTok platform, including any copyright policies, disclaimers, and/or restrictions on such use." Bang offered to limit this topic to TikTok's communications with Defendants.

Topic 6: "TikTok's communications to users regarding the user's suspected unauthorized use of music." Bang offered to limit this topic to the uses of TikTok music library and general communications as to same, not as to any specific users.

Topic 9: "TikTok's knowledge of any confusion expressed by TikTok users related to a user's rights to use music in TikTok's music libraries on posts for the TikTok platform."

Topic 10: "TikTok's knowledge of the number of accounts that have been suspended or terminated on the TikTok platform as a result of actual or alleged copyright violations from 2016 through the present." Bang clarified at the meet and confer that the copyright violations referenced in this topic was limited to those related to the use of music from the TikTok library.

Topic 11: "TikTok's knowledge of the number and nature of posts removed from the TikTok platform as a result of suspected or actual copyright violations from 2016 through the present." Bang clarified at the meet and confer that the copyright violations referenced in this topic was limited to those related to the use of music from the TikTok library.

Topic 12: "TikTok's process for identifying and removing posts that infringe or potentially infringe another's copyrighted work." Bang clarified at the meet and confer that the copyright violations referenced in this topic was limited to those related to the use of music from the TikTok library.

Topic 13: "TikTok's process for monitoring and enforcement of its policies and procedures regarding the use of music of the TikTok platform."

Topic 14: "TikTok's monthly analytics data, including the number of followers, profile and video views, engagements, likes, comments, and shares, for the @bangenergy and @bangenery.ceo accounts from January 2017 to the present."

Topic 17: "Any and all guidelines, directions, and communications received by TikTok from the Labels concerning the use of the Labels sound recordings on TikTok."

Topic 18: Communications with other commercial companies regarding their use of music in their respective posts appearing on TikTok.

-5-
**ORMOND DECL. IN SUPPORT OF MOTION TO COMPEL TIKTOK INC. TO COMPLY WITH SUBPOENAS**

11. As for the documents sought in the Second Subpoena, TikTok agreed to produce responsive policies, terms of service, and community guidelines, along with the licensing agreements with the Labels in effect between 2016 to the filing of the complaint in the Underlying Action, with a targeted production date of April 5, 2022. That date has come and gone, with no further communication or any production from TikTok. As shown in its responses to the Second Subpoena document requests, a true and correct copy of which is attached hereto as Exhibit 10, TikTok has objected to the remainder of the document requests in the second subpoena on conclusory, boilerplate, and non-specific grounds such as relevance, proportionality, burden, confidentiality/trade secret, and for many of the requests, TikTok has taken an unduly narrow interpretation under which it claims it will produce responsive documents, if any at all. Again, TikTok has produced no documents.

12. In the Underlying Action, the court has entered a Stipulated Protective Order to govern the treatment of confidential materials exchanged or produced in discovery or otherwise in the case. Attached hereto as Exhibit 11 is a true and correct copy of the Stipulated Protective Order in the Underlying Action.

13. Attached hereto as Exhibit 12 is a true and correct copy of an article entitled "TIKTOK AND UNIVERSAL MUSIC GROUP ANNOUNCE EXPANDED GLOBAL ALLIANCE" located at https://www.universalmusic.com/tiktok-and-universal-music-group-announce-expanded-global-alliance/ (last visited April 11, 2022).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 11, 2022.

_____
Jill J. Ormond